## Commonwealth v. Stranger et al.

*Robert T. Fox*, District Attorney, and *E. Le Roy Keen*, Assistant District Attorney, for Commonwealth.

*Metzger & Wickersham*, for defendants.

Fox, J., Feb. 3, 1930.—We have before us a rule to show cause why the search warrant should not be quashed and why the evidence illegally obtained should not be suppressed and not used against the defendants in the trial.

The petition for the rule in substance sets forth that the defendants reside at No. 674 Boas Street, in the City of Harrisburg; that on Aug. 6, 1929, five members of the Harrisburg police force entered the home of the petitioners without first having obtained a search warrant, as required by law, for the purpose of searching the petitioners' premises; that after having entered the petitioners' premises, the officers seized and confiscated one 6-quart bucket one-half full of liquor, four empty pint bottles, one small funnel and five glasses; that the said officers, at the time of entering the petitioners' dwelling, had a John Doe search warrant calling for the search of the three-story brick dwelling house, with the appurtenances thereto attached, known as No. 676 Boas Street, Harrisburg, Dauphin County, Pennsylvania; that the search of the petitioners' house was illegal by reason of the fact that the search warrant called for the search of No. 676 Boas Street and not No. 674 Boas Street.

An answer was filed by the district attorney, which in substance sets forth that one Glaser, one of the members of the Harrisburg police force, who conducted the raid aforesaid, will be able to prove at the trial that there was no number of a printed form on the house in question, but that there was written on the frame of the door the figures "676" in chalk; that on Aug. 5, 1929, at 6.45 P. M., he directed one Kugler to make a purchase of intoxicating liquor at the house of the defendants, telling the said Kugler to make the same "at the last house on the north side of Boas Street, going east from 6th Street, before you come to 7th Street;" that the said Glaser saw the said Kugler enter the alleyway to the said house for that purpose and saw him when he came out therefrom; that the said Glaser then took the said Kugler to Alderman Hallman, of the City of Harrisburg, the same evening, where an affidavit was made by the said Kugler of the purchase of the liquor at the said premises, stated at the time to be No. 676 Boas Street, after which a search warrant was issued by the said alderman for the search of No. 676 Boas Street; whereupon the raid was conducted by the aforesaid officers about 8.15 P. M. on the evening of Aug. 5, 1929, and not on Aug. 6, 1929, as stated in the petition for the rule; that the said Glaser looked for a number upon the said house at the time of the raid and found that there was no number on the

house, except "676" in chalk; that the next adjoining property on the west was numbered "672," and that there was no house between the premises in question and Seventh Street on the north side of Boas Street.

Depositions were taken which, by the testimony of several neighbors and the letter carrier who serves this district, show that there are no numbers on the house in question, but that there are chalk marks on the mail box corresponding to "674." A deed to the defendants was also offered in evidence which discloses that the number of the house is "674." Alderman Hallman testified that he asked Officer Glaser what the number of the house was, whereupon the said Glaser called the man on the beat, Officer Shoop, who told him it was "676;" the alderman then inserted the said number on the warrant, although the figures "674" were used in the complaint; he explains this discrepancy by saying that it probably was a typographical error; Officer Shoop also testified that the numbers on the mail box were 676.

An examination of the complaint for the search warrant discloses that the complainant, amongst other things, averred that the law was being violated in a dwelling house in the possession of and occupied by John Doe, "Alias," said dwelling house being described as a three-story brick dwelling house, with the appurtenances thereto attached, known as No. 674 Boas Street. The affidavit of the search warrant discloses that it was issued to search the dwelling house occupied by and in possession of John Doe, "Alias," as a dwelling house, and so used by him and described as a three-story brick dwelling house, with the appurtenances thereto attached, known as No. 676 Boas Street, Harrisburg, Dauphin County, Pa. A close examination of the complaint discloses that originally the number of the house inserted was "676," and that an erasure was made, the figure 4 being written in typewriting instead of the 6 which was attempted to have been erased. As we have said, the number of the house mentioned in the search warrant was 676. It is quite obvious that in the complaint originally the number of the house as given was 676. This is the same change that is made in the affidavit by J. H. Kugler, upon which the warrant of arrest was based.

The testimony discloses that the defendants, whose names are James Stranger and Mary Stranger, occupied the premises known as No. 674 Boas Street; that there is no such number as 676. Search and seizure in our land must be executed with reasonable certainty and as the law prescribes. The changes in the affidavit of the complaint for the search warrant and the affidavit in connection with the information upon which the warrant of arrest was issued show that they were obviously made after the search warrant was issued, which was for No. 676 Boas Street. Irregularities of this kind should not occur. It is passing strange that the complaint upon which the search warrant was issued named the premises as No. 674 Boas Street and that the warrant should be issued for No. 676. The conclusion that the numerals 676 were in the complaint before and at the time the search warrant was issued for No. 676 is irresistible. If that be so, then there was no description either by the number of the house or by the occupier or possessor thereof, or any other means of identification which would justify the search of the house No. 674 Boas Street and the seizure of the contents thereof. Even though the wrong number had been mentioned or given in the complaint for the search warrant and also in the search warrant, if the premises to be searched had in any way been identified as the premises possessed and occupied by the defendant the warrant would have been good. There must be some identifying description. It is easy to mistake a number, but there are other means of identification than house numbers, and if such means are used, the mistake

in house number is then readily cleared up, but where there are no other means of identification than the house number and that is an error, we see no authority for the officers to search a house other than the one mentioned in the complaint and the search warrant, and if the house so numbered does not exist, the search warrant is of no consequence.

Wherefore we are of the opinion that the search warrant having been issued for No. 676 Boas Street which does not exist, and without any identification whatsoever of No. 674 Boas Street or its possessors or occupiers, the search of No. 674 Boas Street was unwarranted and unlawful and the rule should be made absolute.

And now, Feb. 3, 1930, upon due consideration, the rule is made absolute and the evidence unlawfully obtained is hereby suppressed.

From Homer L. Kreider, Harrisburg, Pa.